IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONALD MESSINA, GG-0082,  )
    Petitioner,  )
                      )
    v.  )  2:15-cv-37
                      )
SUPT. MAHALLY, et al.,  )

MEMORANDUM and ORDER

Mitchell, M.J.:

    Donald Messina has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. Messina is presently incarcerated as the State Correctional Institution – Dallas serving a six to twelve year sentence imposed following his conviction, by a jury of statutory sexual assault and corruption of a minor at No. 528 of 2004 in the Court of Common Pleas of Clarion County, Pennsylvania. This sentence was imposed on June 1, 2005.[1]

    However, this is not Messina's first habeas petition challenging those convictions. In Civil Action 2:10-cv-1004 he also filed a collateral attack. In a Report and Recommendation filed in the latter case on August 09, 2010 and adopted by the Court on August 25, 2010, it was recommended that the petition be transferred to the Court of Appeals as a successive petition to a challenge previously filed at Civil Action 2:07-cv-946. On appeal, the Court denied Messina leave to file a second or successive petition.[2]

    On September 28, 2011, Messina returned to this Court again seeking habeas corpus relief. That petition docketed at 2:11-cv-1242 was transferred to the Court of Appeals for consideration as a successive petition and on December 28, 2011 leave to proceed was denied by the latter Court.[3]

    Messina has again returned to this Court seeking to challenge the same conviction and contends he is entitled to relief on the following grounds:

---

[1] See: Petition at ¶¶1-6.
[2] United States Court of Appeals for the Third Circuit Docket No. 10-3662.
[3] United States Court of Appeals for the Third Circuit Docket No. 11-3926.

1. False statement, page 99, trial transcript.
2. Trial court judge improperly allowed opinion by state police trooper…
3. Opinion by the prosecutor [to the jury].[4]

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C. § 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing. The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Because it would appear that this Court cannot consider the instant petition without leave of the Court of Appeals, it will be transferred to that Court for authorization, if any, to proceed with the petition here.

An appropriate Order will be entered.

---

[4] See: Petition at ¶ 12.

ORDER

AND NOW, this 13th day of January, 2015, for the reasons set forth in the foregoing Memorandum, the instant petition is transferred forthwith to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1631 for consideration as a successive petition.

s/ Robert C. Mitchell
United States Magistrate Judge